FILED

07/21/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0166

DA 25-0166

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 162N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MARLON DAUNTE THOMAS,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 16-1157
Honorable Rod Souza, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Marlon Daunte Thomas, Self-Represented, Richmond, California

      For Appellee:

      Austin Knudsen, Montana Attorney General, Jeff Sealey, Assistant
Attorney General, Helena, Montana

      Scott D. Twito, Yellowstone County Attorney, Alexander Wilson,
Deputy County Attorney, Billings, Montana

Submitted on Briefs: June 3, 2026
Decided: July 21, 2026

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Marlon Daunte Thomas appeals the Thirteenth Judicial District Court's denial of his motion for a new trial based upon alleged errors in the jury selection process. The District Court denied his motion as untimely. We affirm.

¶3 On November 16, 2016, the State charged Thomas with one count of felony aggravated promotion of prostitution and one count of felony promotion of prostitution. Sections 45-5-602, -603, MCA. On November 7, 2017, Yellowstone County's Deputy Jury Commissioner Bernie Wahl selected the jury pool for Thomas's jury trial. On November 27, 2017, counsel conducted voir dire and selected the jury panel. Later that day, Thomas's four-day trial began. Thomas did not raise an objection to the jury selection process prior to trial. The jury found Thomas guilty of the charges against him on November 30, 2017. Thomas appealed, raising only an evidentiary claim. We affirmed the conviction. *See State v. Thomas*, 2020 MT 281, 402 Mont. 62, 476 P.3d 26.

¶4 On March 11, 2024, Thomas filed a motion for a new trial, challenging for the first time the jury selection process under § 3-15-405, MCA. The State responded, attaching an affidavit from Wahl. The State conceded that the Yellowstone County Clerk of Court did not certify nonresponsive jurors to the sheriff, preventing the sheriff from attempting

2

personal service in accordance with § 3-15-405, MCA. The court denied Thomas's motion for a new trial as untimely. The court also determined that Thomas did not meet the "interest of justice" exception to time-barred motions for a new trial.

¶5 We review a trial's court denial of a motion for a new trial for an abuse of discretion. *State v. Hillious*, 2025 MT 53, ¶ 13, 421 Mont. 72, 565 P.3d 1218.

¶6 At the time of Thomas's trial, § 3-15-405, MCA (2017), provided in pertinent part, "If a person fails to respond to the notice [that he or she has been drawn as a juror], the clerk shall certify the failure to the sheriff, who shall serve the notice personally on the person and make reasonable efforts to require the person to respond to the notice." In *Hillious*, the defendant challenged the jury selection process under the same statutory language. There, the clerk of court failed to certify the nonresponders to the sheriff to personally serve notice of jury duty in contravention of § 3-15-405, MCA. *Hillious*, ¶¶ 8-11. This Court concluded that Hillious failed to establish that the error affected the "random selection of his jury or that jurors' exclusions were based on subjective criteria." *Hillious*, ¶¶ 30-31. We thus held that the errors were "technical and harmless" rather than structural as alleged. *Hillious*, ¶¶ 30-31.

¶7 Except for good cause shown, a party must object to the jury selection process "at least 5 days prior to the start of the trial for which the jury is impaneled." Section 46-16-112, MCA. Hillious challenged the jury selection process in a motion for a new trial 630 days after the jury issued its verdict. *Hillious*, ¶¶ 7, 34. We recognized in *Hillious* that the time requirement for challenging jury selection under § 46-16-112, MCA,

is strictly enforced and made no exception in that case. *Hillious*, ¶¶ 39, 42; *see also State v. Donahue*, 2025 MT 144, ¶ 37, 423 Mont. 1, 571 P.3d 1068 (citations omitted).

¶8 Similar to *Hillious*, Thomas challenges the jury selection process based on the county clerk's failure to certify nonresponders to the sheriff to then be personally served as required by § 3-15-405, MCA. *Hillious*, ¶¶ 8-11. Also like in *Hillious*, Thomas fails to establish that the error affected the "random selection of his jury or that juror exclusions were based on subjective criteria." *Hillious*, ¶¶ 30-31. As such, the technical error does not "warrant a finding of good cause to deviate from the provided time constraint as there was substantial compliance with the jury selection statutes" in Thomas's trial. *Hillious*, ¶ 42. Without a good cause showing under § 46-16-112, MCA, we consequently do not discuss the "interest of justice" exception to the time bar on motions for a new trial. *See Hillious*, ¶ 42.

¶9 On appeal, Thomas raises several constitutional and statutory challenges that he did not present to the District Court. We do not address these arguments "in light of our longstanding rule that we generally do not address issues raised for the first time on appeal." *State v. Longfellow*, 2008 MT 343, ¶ 19, 346 Mont. 286, 194 P.3d 694 (citation omitted). He has not met his burden for plain-error review. *State v. Rodriguez*, 2021 MT 65, ¶ 20, 403 Mont. 360, 483 P.3d 1080.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of

4

applicable standards of review. The District Court did not abuse its discretion when it denied Thomas's motion for a new trial as untimely.

/S/ BETH BAKER

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON